**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rolando HERNANDEZ, Defendant–**
**Appellant.**

No. 06–50452
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 4, 2007.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Alberto M. Ramon, Law Office of Alberto M. Ramon, Eagle Pass, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM: *

Rolando Hernandez appeals from his conviction of possession with intent to distribute methamphetamine. He contends that the district court erred by denying his motion to suppress his confession and other evidence. Hernandez asserts that all of the evidence found in his vehicle and his statement should be suppressed because he was not given his *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), warnings upon being referred to the secondary inspection area at the immigration checkpoint at which he was stopped. He argues that being referred to secondary inspection when agents have a reasonable suspicion of criminal activity is, by its very nature, tantamount to being placed under arrest. Moreover, Hernandez suggests that the process of being referred to secondary inspection is inherently coercive and renders any consent involuntary.

Referral to secondary inspection at a border checkpoint does not constitute an arrest requiring Miranda warnings. *United States v. Garcia,* 616 F.2d 210, 211 (5th Cir.1980); *United States v. Martinez,* 588 F.2d 495, 497–98 (5th Cir.1979); *see United States v. Kiam,* 432 F.3d 524, 530 (3d Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 1453, 164 L.Ed.2d 149 (2006). Moreover, the evidence indicates that the consent to search was obtained either during, or immediately after, routine checkpoint procedures. The stop therefore was not impermissibly extended beyond the scope of an immigration stop. *United States v. Machuca–Barrera,* 261 F.3d 425, 435 (5th Cir. 2001). Once Hernandez gave his consent, the agents needed no further justification to prolong the encounter. *See id.* The district court did not err by denying Hernandez's motion to suppress.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.